IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No: 16-CV-1388

| | |
|---|---|
| **MARTY NORMAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| **CALL-A-NURSE, LLC; NOVANT** ) | |
| **HEALTH TRIAD REGION, LLC;** ) | |
| **AND THE MOSES H. CONE** ) | |
| **HOSPITAL OPERATING** ) | |
| **CORPORATION,** ) | |
| ) | |
| Defendants. ) | |

The plaintiff, Marty Norman, complaining of defendants, alleges the following:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief, and damages sustained by plaintiff in the unlawful termination of her employment by defendants. Plaintiff asserts rights and claims arising under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*., and the common law of North Carolina. The jurisdiction of this court is invoked pursuant to 29 U.S.C. § 626(c), 28 U.S.C. § 1331; and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

1

2. The parties reside and the events described below occurred in this district; venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. The plaintiff is a resident of Forsyth County, North Carolina.

4. Upon information and belief, defendant Call-A-Nurse, LLC ("CAN") is a limited liability company organized in North Carolina; having its headquarters and principal place of business in North Carolina; and transacting business throughout North Carolina.

5. Upon information and belief, defendant Novant Health Triad Region, LLC ("Novant") is a limited liability company organized in North Carolina; having its headquarters and principal place of business in North Carolina; and transacting its business as a hospital and medical treatment facility throughout North Carolina. Novant is a member of CAN.

6. Upon information and belief, defendant The Moses H Cone Hospital Operating Corporation ("Moses Cone") is a non-profit corporation incorporated in North Carolina; having its headquarters and principal place of business in Guilford County, North Carolina; and transacting its business as a hospital and medical treatment facility throughout North Carolina. Moses Cone is a member of CAN.

7. At all times pertinent to this action, defendants, Novant and Moses Cone, have been the controlling owners, directors and/or members of defendant CAN; have acted within the scope of their authority with defendant CAN; and have exercised dominant control over defendant CAN.

8. At all times pertinent to this action, CAN has existed as a mere instrumentality or *alter ego* of defendants Novant and Moses Cone, for their benefit and interest, and has not operated as an independent entity. With respect to all decisions pertinent to this action, defendants Novant and Moses Cone have exercised complete control over CAN, and have made such decisions for their benefit and interest.

## FACTS

9. Plaintiff is presently 58 years of age. Plaintiff was 57 years of age at the time of her termination, as alleged below.

10. Plaintiff established CAN's predecessor, Call a Nurse, P.C., in 1994. Call a Nurse, P.C. provided call-in nursing care to patients of surrounding medical facilities. With creative management and hard work, plaintiff built the company into an ongoing service for which there was significant demand.

11. In 1996, Triad Health Ventures, Inc. *d/b/a* Call a Nurse ("Triad") purchased Call a Nurse, P.C. from plaintiff.

12. At the time of purchase and thereafter, defendants Novant and Moses Cone were the controlling owners and directors of Triad; and exercised dominant control over Triad. Accordingly, as alleged above, upon information and belief, Triad existed as a mere instrumentality or *alter ego* of defendants Novant and Moses Cone, for their benefit and interest, and did not operate as an independent entity.

13. As a condition of their acquisition of Call a Nurse, P.C., Triad contracted with plaintiff to continue as the Executive Director ("ED"), given her successful history with the company, and her obvious skills and reputation throughout the medical community.

14. Upon information and belief, in or about 2002, defendants Moses Cone and Novant agreed to restructure Call a Nurse into a new limited liability company, and established CAN, making themselves the sole members of the company.

15. Over the twenty years, since the organization of CAN, CAN grew significantly. The organization's growth was the result of plaintiff's management and hard work.

16. Throughout her employment with defendants, plaintiff performed her responsibilities as ED for defendants with dedication and excellence, and was consistently commended for her work.

17. Nevertheless, in or about March, 2015, defendants assigned a substantially younger individual who had no significant qualifications to assume some of plaintiff's duties, indicating that a younger person was needed, which was untrue.

18. On May 29, 2015, defendants delivered a letter to plaintiff purporting to give notice that her contract was not being renewed.  On June 1, 2015, plaintiff was advised that she was being terminated, effective June 27, 2015.

19. Plaintiff was terminated from her position of ED, effective June 27, 2015.

20. At the time of her termination, plaintiff was performing her responsibilities with commitment and excellence.

21. Plaintiff was replaced by a substantially younger individual who was less qualified than plaintiff.

## ADMINISTRATIVE REMEDIES

22. On or about November 24, 2015, plaintiff filed her Charge of Age Discrimination with the Equal Employment Opportunity Commission (EEOC) in Greensboro, North Carolina.  Plaintiff's Charge alleged age discrimination in the termination of her employment by defendants.  On September 6, 2016, EEOC issued notice of plaintiff's right to sue with respect to her charge against the defendants.  Plaintiff has complied with all procedural prerequisites to filing this claim.

## FIRST CLAIM FOR RELIEF
### Age Discrimination in Violation of the ADEA

23. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

24. At all times pertinent to this action, plaintiff was within the protected age category, and subject to the protection of the ADEA; her performance was superior to that of the substantially younger employee or employees who assumed her position and duties; and her performance exceeded any reasonable expectations of defendants.

25. Defendants discriminated against plaintiff because of her age, in violation of the ADEA, 29 U.S.C. § 623, in the termination of plaintiff's employment.

26. As a proximate result of defendants' unlawful acts of age discrimination, plaintiff has suffered substantial damages and is entitled to reinstatement, compensatory damages, liquidated damages and attorneys' fees for her representation herein, pursuant to the ADEA, 29 U.S.C. §626.

## SECOND CLAIM FOR RELIEF
### Wrongful Discharge in Violation of the Public Policy of North Carolina Against Age Discrimination

27. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

28. The public policy in North Carolina, as expressed in N.C. Gen. Stat. § 143-422.2, protects employees from age discrimination.

29. Defendants violated the public policy of North Carolina in their termination of plaintiff's employment because of her age.

30. As a proximate result of defendants' discharge of plaintiff in violation of public policy, plaintiff has suffered substantial damages, including lost income and benefits; emotional distress and mental anguish; loss of quality of life and reputation; and other damages to be proven at trial.

31. Defendants have engaged in wrongful and egregious misconduct in violation of plaintiff's rights which was willful and deceptive, and evinced an intentional and deliberate or reckless disregard for the rights of plaintiff. Accordingly, plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff requests the following relief:

A. That plaintiff be reinstated to her employment with defendant;

B. That plaintiff recover of defendants compensatory damages to be proven at trial;

C. That plaintiff recover liquidated damages pursuant to 29 U.S.C. § 626;

D. That plaintiff recover punitive damages in an amount in the discretion of the jury;

E. That plaintiff recover the costs of this action, including reasonable attorneys' fees for her representation herein, as provided in 29 U.S.C. § 626;

F. That this Court award pre-judgment and post-judgment interest on all amounts recovered herein;

G. That this Court grant such other relief as it deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury on all issues presented herein.

This the 5TH day of December, 2016.

/s/Robert M. Elliot
Robert M. Elliot (7709)
Benjamin P. Winikoff (49625)
Elliot Morgan Parsonage, PLLC
Attorneys for Plaintiff
426 Old Salem Road
Winston-Salem, NC 27101
Telephone: (336) 724-2828
Facsimile: (336) 724-3335
Email: rmelliot@emplawfirm.com
bpwinikoff@emplawfirm.com